IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
AT MEMPHIS

**TERESA MAYER,**
**Plaintiff,**

vs.                                                                                  NO.

**LIBERTY MUTUAL INSURANCE COMPANY**
**A/K/A LIBERTY ASSURANCE COMPANY OF BOSTON,**
**Defendant.**

## COMPLAINT

**COMES NOW** your plaintiff, Teresa Mayer by and through counsel, and sues the defendant, Liberty Life Assurance Company of Boston, (herein Liberty) and for cause of action states and shows to this Honorable Court as follows:

1. The plaintiff, Teresa Mayer, is a resident of Southavn, Desoto County, Mississippi;

2. That at all times herein mentioned, Liberty is a foreign corporation with a principle place of business in the State of Kentucky.  The defendant's agent for service of process is the Tennessee Commissioner of Insurance;

3. This Court has jurisdiction pursuant to 28USC § 1332 (a). There is diversity of citizenship between the parties and the amount of controversy exceeds $100,000.00. Therefore, subject matter jurisdiction exists in this cause of action;

4. This is a civil action to recover Long Term Disability Benefits pursuant to § 502(a) of the Employee Retirement Income Security A of 1974 (herein ERISA);

5. The plaintiff by virtue of her employment with Shelby County Health Care Corporation received a Long Term Disability policy through Liberty and the policy number was 4092039;

6. On April 8, 2011, the plaintiff submitted a claim for Long Term Disability Benefits which were approved from October 5, 2011 through October 19, 2012;

7. The plaintiff has been **"disabled"** and eligible for disability benefits due to spinal issues as well as psychiatric issues;

8. On August 6, 2012 the plaintiff timely appealed the decision to terminate Long Term Disability Benefits;

9. The defendant affirmed the denial of disability benefits and on September 12, 2012, the defendant again appealed the decision to deny Long Term Disability Benefits. On March 12, 2013, Liberty Mutual again affirmed the denial of benefits and informed the plaintiff that all administrative remedies have been exhausted;

11. The plaintiff's condition renders her **"DISABLED"** as defined **"DEFINITION OF DISABILITY"** under the group policy which is the subject of this litigation;

12. The defendant has failed to pay benefits for said policy and plan with benefits amounting to 66 2/3 of the plaintiff's gross income for each month she is unable to engage in a gainful occupation;

13. There will be additional benefits accruing after filing this suit as the plaintiff remains disabled;

14. The defendant's denial of disability benefits is arbitrary and capricious as defined by Sixth Circuit case law governing ERISA claims.

**WHEREFORE**, the plaintiff prays for a judgment against the defendant for all accrued benefits, for any months she is disabled under the policy for pre-judgment and post-judgment interest, for future benefits, for attorney fees and for any other relief the Court deems proper under the circumstances.

Respectfully submitted,

Law Offices of John E. Dunlap, P.C.

/s/John E. Dunlap
John E. Dunlap (013223)
Attorney for the Plaintiff
1684 Poplar Avenue
Memphis, Tennessee 38104
(901) 726-6770
(901) 726-6771 fax
jdunlap00@gmail.com